## ROBBINS *against* WOLCOTT.

Where on a motion for a new trial for a misdirection, by the defendant, it did not appear that the court refused to charge the jury as the defendant requested, or charged them contrary to his request; nor was the attention of the jury diverted from such questions as the parties made on the trial ; and the principles of the charge were sound; it was held, that a new trial would not be granted on the ground that the attention of the jury was diverted from the real points in controversy.

The defendant in an action of trespass *qu. cl. fr.*, to a new assignment by the plaintiff, pleaded, that on the 31st of July, 1824, and for a long time before, *R* had the right of way from the highway through a certain lane, which way was used by him as a convenient and necessary way, to go to his lands *West ;* that this way was appurtenant to the *Treat* lot, now owned by the defendant, which adjoins the *locus in quo;* that on said 31st of *July,* 1824, *R* granted a part of such *West* lands to *S,* by which a way was granted to *S,* from said lane to said lands ; and that the rights, privileges and appurtenances thereto belonging, were afterwards, by the deed of *S,* vested in the defendant. These allegations the plaintiff, in his replication, traversed, on which issue was joined and found for the plaintiff. On a motion in arrest, on the ground that the issue embraced matter of inducement, it was held, 1. that it was not clear that the defendant had not put in issue the ancient right of way of *R,* as well as the right of way under the deed of 1824 ; 2. that the taking of issue upon an inducement is no ground of arrest.

A traverse by one party of matter not alleged by the other, in addition to the matter properly in issue, is mere surplusage, and not a ground of arrest.

Where the plaintiff in an action of trepass *qu. cl. fr.* alleged certain trespasses ; the defendant justified the trespasses alleged ; the plaintiff, in his replication, abandoning those trespasses, proceeded for other and different trespasses only, for which he had a verdict; it was held, that he had a right thus to elect for what trespasses he would go ; and damages being given for those trespasses alone, the defendant had no ground of complaint.

Construction of pleadings.

THIS was an action of trespass *quare clausum fregit.* The *locus in quo* was thus described in the declaration, " A certain tract of land, lying in the town of *Wethersfield,* bounded and described as follows, *viz., North,* on land of *Elisha Wolcott* and *Chauncey A. Wolcott* ; *East,* on *Elisha Wolcott's* land and on highway ; *South,* on land of *John Stillman;* and *West,* on land of the said *Elisha Wolcott."* The plaintiff then averred, that on the 25th of *June,* 1844, and on divers other days and times between that day and the commencement of this suit, the defendant, with force and arms, did break into and upon said described tract of land, and with his horses and cattle, did tread down and destroy the grass and herbage

then and there growing, and did, with his teams and carts, cut up the turf on said land, and greatly injure the same; and other wrongs the defendant then and there did.

The defendant pleaded several pleas, justifying the alleged trespass; first, by virtue of a right of way derived from a conveyance executed on the 31st of *July*, 1824, by *Robert Robbins* sen. to *Robert Robbins* jun., to whose rights in the premises so conveyed, the defendant had succeeded; secondly, by virtue of a right of way by necessity; thirdly, by virtue of a right of way by prescription; fourthly, on grounds not necessary to be stated here; fifthly, by virtue of a right of way by necessity, by reason of a conveyance from the plaintiff; sixthly, by virtue of a right of way of necessity from one close to another of the defendant, and thence to the highway; seventhly, by virtue of a right derived from grant executed by *Josiah Robbins* to *Elisha Treat;* and eighthly, that said close was the soil and freehold of the defendant.

Some of these pleas it will be advisable to state more particularly. The first alleges, that heretofore, and at the time of executing a certain deed to one *Robert Robbins*, viz. on the 31st day of *July*, 1824, *Robert Robbins* sen., now deceased, was, and for a long time had been, lawfully seised and possessed, in fee-simple, of a certain tract of land in *Wethersfield*, a part of which tract is the close described in the declaration, and part of which is and was at the time of the alleged trespass, owned and possessed by the defendant, contiguous to and next adjoining the close in question : that *Robert Robbins* sen., so being the owner of said entire tract of land, did, on said 31st day of *July* 1834, by his deed of that date, alien and convey to his son, *Robert Robbins* jun., and his heirs and assigns, among other things, a certain portion of said tract, described in said deed as follows, viz. " Also, one other lot of land, lying in said *Wethersfield*, and not far from the lot aforesaid, bounded, *North*, on land of *Elisha Wolcott*; *East*, on land of *Elisha Wolcott* jun.; *South*, on my own land; and *West*, on land belonging to the heirs of *Joshua Welles*; containing thirteen acres, and five and an half rods, including the one half of the lane or pass-way now owned by me, and running *Westwardly* from the highway near to the *Eastern* end of said lot, and also the right of a passway from the *Western* end of said lane *Northward* to said last described lot

*Hartford.*
June, 1849.

Robbins
*v.*
Wolcott.

of land :" that before and at the time of the alleged trespass, the defendant was, and still is, lawfully seised and possessed in fee-simple, of a certain portion of said premises so conveyed to said *Robert Robbins,* by said *Robert Robbins* sen. ; and that he then held, and now holds, owns and possesses, all the right, title and interest of said *Robert Robbins* in said portion of said premises, with the rights, privileges and appurtenances thereunto belonging : that the defendant, by reason of said grant and conveyance from said *Robert Robbins* sen. to said *Robert Robbins* jun., had, and of good right ought to have, and enjoy, a certain way from a certain public highway in said *Wethersfield,* into, through and over said close in which &c., toward and into said tract or close now of the defendant, and so back again, into, through and over said close in which &c. unto and into said public highway, for himself and his servants, on foot and with cattle, horses, carts and carriages, to go, pass, and repass in and along said way, in every year, and at all times of the year, for the convenient use and occupation of said close of the defendant : that the defendant, being so seised and entitled to such way, he, at the several times when &c., having occasion to use said way, did, with his servants &c., go, pass and repass, in, through and along said way, from said public highway into, through, over, and along said close in which &c. unto and into said close now of the defendant, and thence back again, in, through, and along said way, unto and into said public highway, using said way, as he lawfully might : and that in so doing, the defendant unavoidably a little trod down and destroyed the grass then there growing on said close : which are the same trespasses mentioned in the declaration.

The second plea alleged, that the defendant, before and at the several times when, &c., was, and still is, seised in fee of a certain other close contiguous and next adjoining to said close in which &c. ; and that one *Robert Robbins,* whose estate in said close last named the defendant now hath, before and at the time of making the conveyance hereinafter mentioned, was seised in fee, as well of the close in which &c., as of said other close now of the defendant, with their respective appurtenances : that said *Robert Robbins,* being so seised of said closes respectively, duly conveyed said close in which &c., to the plaintiff, by means whereof the plaintiff

*Hartford,*
June, 1849.
———
Robbins
*v.*
Wolcott.

became and was seised in fee of said close in which &c. : that at the time of said conveyance of said close in which &c., said *Robert Robbins*, not having any other way to the close now of the defendant than from and out of a certain public highway in said *Wethersfield*, into, through, over, and along said close in which &c. necessarily had, and of right ought to have had, while he continued seised of said close now of the defendant, a convenient and necessary way to said close now of the defendant, from said highway, into, through, over and along said close in which &c. : and that the defendant, so having the estate of said *Robert Robbins*, necessarily had, and of right ought to have had, such convenient and necessary way.

The seventh plea alleged, that the defendant, before, and at the several times when &c., was, and still is, seised in fee of a certain other close near to said close in which &c. ; and that one *Josiah Robbins*, whose estate in the said close last-named, the defendant now has, before, and at the time of making the conveyance hereinafter mentioned, was seised in fee, as well of said close in which &c., as of the other said close now of the defendant, with their respective appurtenances ; and said *Josiah Robbins*, being so seised of said closes respectively, long before the time when &c., duly granted, aliened and conveyed to one *Elisha Treat*, and to his heirs and assigns forever, a certain parcel of land, being the same close now of the defendant above-mentioned, which said tract or close is a certain piece of land lying in said *Wethersfield*, at a place called *West Swamp*, containing six acres ; with full liberty for said *Elisha Treat*, his heirs and assigns, forever, to pass and repass on the *South* side of the land, which he, said *Josiah Robbins*, purchased of the heirs of *Samuel Treat*, from the highway at the *East* end of said lot so far *West* as to extend to or against said six acres ; said passage to be one rod in width ; which said road or pass-way is the close in which &c. ; that by virtue of said grant, said *Elisha Treat*, his heirs and assigns, became and was well seised in fee of the close now of the defendant, and also became entitled to a certain way from a certain public highway in said *Wethersfield*, into, through, over and along said close in which &c., unto, into and against said close now of the defendant, and so back again from said last-mentioned close,

into, through, over and along said close in which &c., unto and into said public highway, to go, pass, and repass at pleasure, in and along said last-mentioned way, every year, and at all times of the year; by virtue of which said grant the defendant, at the several times when &c., was, and still is, entitled to such way as last aforesaid.

The plaintiff, in his replication to the defendant's first plea, averred, that neither said *Robert Robbins* to whom said *Robert Robbins,* sen. made said conveyance, as in said first plea alleged, nor the defendant himself, as owner and occupier of said close in said plea described as now of the defendant, at the several times when &c., had, or ever had, or ought to have, any right of way from any highway in said *Wethersfield,* into, along and over said close of the plaintiff, toward or into said tract or close now of the defendant, and so back again into, through and over said close of the plaintiff, unto and into any highway in said *Wethersfield,* as the defendant hath in said first plea alleged: and of this he tendered issue, which was joined by the defendant.

In his replication to the second plea, the plaintiff averred, that the said *Robert Robbins* never was seised of said close in said second plea described as now of the defendant, and never did convey the same to the defendant; that said *Robert Robbins* did not alien to the plaintiff said close in which &c., as is in said plea alleged; and that neither said *Robert Robbins,* nor any of the owners and occupiers of said close described in said plea as now of the defendant, nor the defendant, as owner and occupier of said close, at the several times when &c., had, or ever had, or ought to have, any way of necessity from any highway in said *Wethersfield,* into, along and over said close of the plaintiff, toward and into said tract or close now of the defendant, and so back again, into, through and over said close of the plaintiff, unto and into any highway in said *Wethersfield,* as the defendant has in his second plea alleged. Of this the plaintiff tendered issue, which was joined by the defendant.

In his replication to the seventh plea, the plaintiff, protesting that said *Josiah Robbins* never did convey to said *Elisha Treat* any right of way, as in said seventh plea alleged, and that the defendant, as owner and occupier of said close in said plea described as near said close in which &c., is not, and

never was, entitled to such right of way, in manner and form as the defendant in his said plea has alleged, averred, that he brought his action not only for the trespasses in said plea mentioned and therein attempted to be justified, but also for that the defendant, on the several days and times in said declaration mentioned, with force and arms, broke and entered said close of the plaintiff in this declaration mentioned, and with his cattle and horses, did tread down and destroy the grass and herbage there growing, and did, with his, the defendant's, teams and carts, cut up the turf on said land, and committed all the trespasses in the declaration mentioned, on other and different occasions, and for other and different purposes, than in said seventh plea mentioned, and in other and different parts of said close, out of said way in that plea mentioned, in manner as the plaintiff hath above complained against him, the defendant; which said trespasses above newly assigned, are other and different trespasses than the trespasses in said seventh plea mentioned, and therein attempted to be justified : wherefore, inasmuch as the defendant hath not answered the trespasses above newly assigned, the plaintiff prays judgment, and his damages by him sustained on occasion of the committing thereof to be adjudged to him.

To the several trespasses in the replication of the plaintiff to the seventh plea of the defendant mentioned and therein newly assigned, the defendant pleaded, that before the commencement of this suit, *viz.* on the first day of *July* 1844, at a justice's court, holden on that day, before *Samuel Galpin Esq.*, a justice of the peace for the county of *Hartford*, said *Chauncey Robbins* impleaded said *Elisha Wolcott* in a certain action of trespass, demanding seven dollars damages, for the same identical trespasses, wrongs and injuries above newly assigned, and then alleged to have been committed by said *Elisha Wolcott*, in and upon the same identical close of said *Chauncey Robbins* in the declaration in this suit mentioned and described; of which said action of trespass said justice then and there had jurisdiction and authority to try the same; and such proceedings were thereupon had, at such jsutice's court, that said *Elisha Wolcott* was, upon a trial before said court, found to be not guilty of said supposed trespasses, wrongs and injuries, respecting which he was then and there so impleaded, by said *Chauncey Robbins*, and

was, by the judgment and consideration of that court, acquitted therof; and thereupon it was further considered by said court, that said *Elisha Wolcott* recover his costs against said *Chauncey Robbins*, taxed at 2 dollars and 67 cents, and that execution issue therefor accordingly ; which said judgment is now remaining, and is still in full force, unreversed. The defendant then averred, that said trespasses, wrongs and injuries, respecting which he was so impleaded before said justice, and which were then and there so adjudicated upon, by him, and of which this defendant was so acquitted and found not guilty, are the same identical trespasses above newly assigned, of which said *Chauncey Robbins* hath as above complained thereof against him ; and that the parties in this and the said former suit are the same, and not other or different.

In reply to this plea, the plaintiff, protesting that the defendant never did recover against the plaintiff any such valid judgment before said justice *Galpin* as is in said plea alleged, and further protesting that there is now existing and in force no such valid judgment, alleged, that he brought his said action not only for the trespasses in the defendant's said plea mentioned, and from which the defendant therein avers that he was acquitted by the judgment of said justice *Galpin*, but also for that the defendant, on the several days and times in the declaration and new assignment mentioned, and before the commencement of this suit, and long after the first day of *July* 1844, on which last mentioned day the defendant in said plea avers said judgment to have been recovered before said justice *Galpin*, with force and arms, broke and entered the close of the plaintiff in the declaration mentioned, and with his cattle and horses did tread down and destroy the grass and herbage there growing, and did, with his, the defendant's teams and carts, cut up the turf on said land, and committed all the trespasses in the declaration mentioned, on other and different occasions and times than is in the above plea mentioned, in manner as the plaintiff has above complained against the defendant : which said trespasses herein newly assigned are other and different trespasses than the trespasses in the defendant's said last plea mentioned, and from which he therein avers that he was acquitted by said judgment of said justice *Galpin,* and were committed long after the rendition

of said pretended judgment by said justice *Galpin*, and before the commencement of this suit. Wherefore, inasmuch as the defendant hath not answered said trespasses herein newly assigned, the plaintiff prays judgment, and his damages by him sustained on occasion of the committing thereof against him, to be adjudged to him &c.

To the second new assignment of the plaintiff and to the several trespasses and matters therein newly assigned, the defendant alleged, that heretofore, and at the time of executing a certain deed to one *Robert Robbins*, herein after mentioned, *viz.* on the 31st day of *July* 1824, *Robert Robbins* sen. was, and for a long had been, lawfully seised and possessed in fee simple of a certain tract of land in said *Wethersfield*, a part of which tract is the close described in the declaration in which &c., and a part of which is and was, at the time when &c., owned and possessed by the defendant, and is contiguous to and next adjoining the close in which &c.: that on said 31st day of *July* 1824, there was, and for a long time had been, a certain passway, lane or way, adjoining the land of *John Stillman*, on the *South*, and leading from a certain public highway in said *Wethersfield* to said tract of land so owned by said *Robert Robbins* sen.; which said way or passway had, on the day and year last aforesaid, been long used as a convenient and necessary way to said tract of said *Robert Robbins* sen. from said public highway and so back again, by and for him and the owners and occupiers of said tract, to pass and repass in and along said passway, for himself &c., on foot and with horses, cattle, carts and carriages, in every year, and at all times of the year, for the convenient use of said tract, by the owners and occupiers thereof; and further, that said way or lane or passway, on the day and year last aforesaid, and the right to pass and repass through and over the same, was, and long had been, appurtenant to a certain other close now of the defendant, called the *Treat* lot, and then owned by one *Josiah W. Bristol*, whose estate the defendant now hath: that said *Robert Robbins* sen., so being the owner of said entire tract of land, did, on said 31st day of *July* 1844, by his deed of that date, alien and convey to *Robert Robbins* jun., and his heirs and assigns, among other things, a certain portion of said tract described in said deed as follows, *viz.* " Also, one

other lot of land, lying in said *Wethersfield*, and not far from the lot aforesaid, bounded, *North*, on land of *Elisha Wolcott; East*, on land of *Elisha Wolcott* jun.; *South*, on my own land ; and *West*, on land belonging to the heirs of *Joshua Welles;* containing thirteen acres and five and a half rods, including the one-half of the lane or passway (meaning thereby the lane or passway above-mentioned,) now owned by me, and running *Westwardly* from the highway near to the *Eastern* end of said lot ; and also, the right of a passway from the *Western* end of said lane, *Northward* to said last described lot of land:" by which said grant, said *Robert Robbins* jun., his heirs and assigns, was entitled to a right of way from said *Western* end of said lane to said part of said tract, so as above conveyed to him by said *Robert Robbins* sen.: that before and at the time when &c., the defendant was, and still is lawfully seised and possessed in fee simple of a certain part of the premises so as aforesaid conveyed to said *Robert Robbins*, by said *Robert Robbins* sen., contiguous to and adjoining the close in which &c. ; and that at the time when &c., he held, and now holds, owns and possesses all the right, title and interest of said *Robert Robbins* in said part of said premises, with the rights, privileges and appurtenances thereunto belonging, and as owner and occupier of the same, before and at the time when &c. : that the defendant, by reason of said grant and conveyance from said *Robert Robbins* sen. to said *Robert Robbins* jun., his heirs and assigns, had, and of good right ought to have and enjoy, a certain way or right of a passway from the *Western* end of said lane or passway, into, over, along and through the said close in which &c. toward and into said tract or close now of the defendant, and so back again, into, through, over and along said close in which &c., into and unto said *Western* end of said lane or passway, for himself and his servants, on foot and with cattle, horses, carts and carriages, to go, pass and repass, in and along said way over and along said close in which &c., in every year, and at all times of the year, for the convenient use and occupation of said tract or close of him the defendant ; and that, before and at the several times &c. he was, and still is, entitled to such way as aforesaid.

To this plea the plaintiff replied, alleging, that said way,

*Hartford,*
June, 1849.
———
Robbins
*v.*
Wolcott.

lane or passway first in said plea mentioned, is not, and never has been, appurtenant to said close now of the defendant, called the *Treat* lot, as is in said plea alleged : nor was the defendant, at the time when &c., nor is he now, lawfully seised and possessed in fee-simple of a certain part of said premises so conveyed to said *Robert Robbins*, by *Robert Robbins* sen., contiguous to and adjoining to the close in which &c. ; nor at the time when &c. did he hold, nor does he now hold, own and possess all the right, title and interest of said *Robert Robbins* in said part or portion of said premises, with the rights, privileges and appurtenances thereunto belonging ; nor did the defendant, as owner and occupier of the same, before and at the time when &c., by reason of said grant or conveyance from said *Robert Robbins* sen. to said *Robert Robbins* jun., have, or of good right ought to have and enjoy, any way or right of a passway from the *Western* end of said lane or passway, into, over, along and through said close in which &c. toward and into said tract or close now of the defendant, and so back again, into, through, over and along said close in which &c., into and unto said *Western* end of said lane or passway, as in said plea is alleged. On these allegations the plaintiff tendered issue, which was joined by the defendant.

Replications were made also to the other pleas of the defendant ; on which issues were joined.

The cause was tried, on all the issues, at *Hartford, September* term, 1848.

On the trial of the cause to the jury upon the issue joined under the first plea, and also the second new assignment to the seventh plea, the defendant, in order to prove the said right of way, read in evidence said deed of *Robert Robbins* jun. dated the 31st day of *July*, 1824, and claimed, that by a fair construction of it, said right of way was appurtenant to every part of said granted premises, and hence that he, and those under whom he claimed, had a right to pass over that of the *locus in quo* which was retained by said *Robert* sen. in order to enter into and across the part of the *locus in quo* granted as aforesaid to said *Robert* jr., at any point of the latter they pleased. The plaintiff did not deny, but admitted, that said right of way was, by said deed, created as appurtenant to every part of said granted premises, but denied, that

*Hartford,*
June, 1849.

Robbins
*v.*
Wolcott.

the defendant, or those under whom he claimed, had a right therefore to cross the *locus in quo* where they pleased, shifting the said way or place at their pleasure ; but that contrary-wise, those who owned and used said way under said deed, could only select for said purpose, when they came to need and use said way, some suitable and convenient place over the *locus in quo* ; and *that* being done, said way would be located ; and thereafter other ways could not be selected and used under said grant, without some special necessity therefor.

The court charged the jury as claimed by the plaintiff.

It was not claimed by the defendant, under this plea and answer, that he had any other way by grant than by said deed ; and he admitted, that said way was across the *South* half of the *locus in quo* into the *North* half of it, and from thence to the close of the defendant.

The plaintiff admitted said deed gave a right of way, as claimed by the defendant, but denied that any such right existed at the time of the trespass ; for that, when the grantor in said deed sold and conveyed to the plaintiff that part of the *locus in quo* which was in said deed, he released to the plaintiff all his right, title and interest in the same, and thus, as the plaintiff claimed, extinguished said right of way over or upon the same.

The execution of the deed to the plaintiff was admitted and read ; and it embraced that portion of the *locus in quo* which is in the said deed of the 31st of *July*, 1824.

The court charged the jury, *pro forma*, that said release deed did not, as matter of law, extinguish said right of way.

In regard to the issues formed under the second and fifth pleas, the plaintiff, on the trial, claimed, and offered to prove, that after the conveyance of the respective closes therein referred to, as conveyed to *Robert Robbins*, jun., to which the defendant in said pleas alleged that he has said rights of way by necessity, the closes were conveyed by the said *Robert,* jun., to one *Romanta Welles :* that said *Romanta* owned land immediately *West* of said closes adjoining the highway, over which from every part of said closes he could pass, with facility, to said highway ; and that although the said *Robert* jun. had, himself, a way of necessity from said closes over the *locus in quo,* through said lane to the highway, as alleged in

said pleas; yet, that said way of necessity ceased, when the said closes were conveyed to said *Romanta.*

The defendant offered evidence to prove, and claimed that he had proved, that the way *Westerly* from the said closes across the land of the said *Romanta,* was through and across a piece or strip of swampy ground, parcel of said land, which at times, especially in the spring season, was exceedingly difficult to pass, by reason of its softness, unless a considerable expense was incurred for a causeway; and further, that the distance *Westerly* across the land of said *Romanta,* into the highway and around to the plaintiff's house, was about one mile and a half, while the distance *East* over the *locus in quo,* was about one hundred rods.

The defendant requested the court to instruct the jury, that said inconveniences to him in passing over said swampy ground, and going so far round over the land of said *Romanta,* still left to the defendant a way of necessity over the *locus in quo.*

The plaintiff denied that said swampy land was very difficult to pass, or much inconvenient, in its natural state, and not at all, with a trifling expense, at any time; and introduced evidence to prove this, and denied the claims of the defendant.

The court instructed the jury, that a way of necessity was founded in necessity, and not inconvenience; and that when the necessity ceased, the way of necessity ceased; and if, when and after said *Romanta* bought said close owned by the defendant of said *Robert* jun., he could, as he had occasion, pass through, and to and from the same, *Westerly,* through his own land to the highway, and did not need a way over the *locus in quo,* said way of necessity ceased, although the distance round was further, as the plaintiff claimed; and furthermore, that the defendant, who purchased his said close of said *Romanta,* had, by said purchase, (having himself no land adjoining,) a right to pass over the land of said *Romanta,* and hence had now no more a way of necessity over the *locus in quo* than said *Romanta* had, after he bought as aforesaid.

The plaintiff also claimed, that he had proved that the defendant had no way of necessity, as alleged in said plea, because he had introduced evidence to prove, that the defen-

dant owned a certain other close contiguous and adjacent to the said close of the defendant in said plea mentioned, by devise from his, the defendant's father; which said close so adjacent was connected with the highway, by a strip of land or lane, which the plaintiff claimed the defendant owned in fee in common with several other persons, deriving title to the same, as the plaintiff claimed, under said will of the defendant's father; and the plaintiff claimed, that the defendant, owning said strip or lane in fee in common, had a right to pass in the same to said close of the defendant so contiguous, as aforesaid, and thence to said close of the defendant in said plea named.

This the defendant denied, and claimed the court should instruct the jury, that if the defendant owned said strip of land or lane in fee in common with others, yet he had no right over the same to pass through said close so contiguous to said close in said plea mentioned.

This the court declined to do, and charged the jury, that if the defendant owned the fee of said piece of land or lane in common with others, and could, in fact, pass in it, he had right and could pass in the same, as claimed by the plaintiff, and had no way of necessity over the *locus in quo.* And the court further instructed the jury, as to the way of necessity claimed in said second plea, by the defendant, that if said *Robert Robbins,* jun., in said plea mentioned, had, by his said deed of *July,* 1824 a way, by grant, to said close, ( now of the defendant,) in said plea mentioned, in manner and form as stated in said first plea, and in the answer to the second new assignment under the seventh plea, this would prevent said *Robert,* jun., and those holding under him, from having any way by necessity growing out of said sale by said deed, over that part of the *locus in quo* retained by said *Robert,* jun.

On the trial of the issue under the third plea, the defendant introduced evidence to prove, and claimed that he had proved, that he had used said way therein described for a period of more than fifteen years before the commencement of said suit, in a manner adverse to the rights of the plaintiff, as a way for cattle, horses, carts and oxen, in manner as described in said plea, and particularly, had carted mud through the same, at different times during said period. The plaintiff denied that the defendant had passed over said land at all, as

mentioned in said plea, with cattle, horses, teams, &c. ; and if he had at any time, it was with consent, and not adversely, or against the rights of the plaintiff, or any one under whom he held ; and as to passing with mud, as claimed by the defendant, the plaintiff claimed that special permission was given by the then owner of the *locus in quo.*

The court charged the jury, that title by prescription is founded in long enjoyment; that in this state, fifteen years is long enough for such a title; but the jury must be satisfied, that the passing or use was not by the owner of the land, but adverse to him and his rights ; and if it were not so, but by permission and consent, fifteen years would not give title or right of way.

The jury, under such charge of the court, found a verdict for the plaintiff on all the issues. The defendant thereupon moved for a new trial for a misdirection, and also in arrest of judgment, on the ground that the several replications of the plaintiff to the several pleas of the defendant, were insufficient, and that the issues formed under such replications were immaterial.

*Welles* and *Fellowes,* in support of the motions, contended, 1. That the court erred in its charge, in regard to the issue under the first plea, and in regard to the issue under the second new assignment to the seventh plea. Those issues were, whether the defendant had the rights of way by grant set forth in those pleas, the defendant alleging those rights on the one side, and the plaintiff traversing them on the other. This was the *whole* and *only* matter in issue.

Now, in the first place, that the defendant had those rights, and that they were *appurtenant,* as claimed by him, see *Watson* v. *Bioren,* 1 *Serg. & Rawle,* 227. and 3 *Kent's Com.* 324.

But secondly, the court finds,that these rights were *admitted* by the plaintiff. It would seem that this admission was enough to establish the issues in favour of the defendant. Yet because the counsel for the defendant, according to the finding of the court, made a claim *totally irrelevant* to the issue, *viz.* that the defendant had a right to travel over the close where he pleased, and this claim was not well founded, the jury, under the charge of the court, found the issue for the plaintiff, in direct opposition to his own admission.

Thirdly, in another point of view, the real issue was, whether the defendant had the rights of way set up by him, or not ; and not where the right of way was ; nor whether the trespasses were committed in it, or not.   The way is admitted to have been created by the grant.   But the court charged the jury, that the defendant had no right to go where he pleased, but must select some suitable and convenient place ; and that being done, the way would be located.   Because the defendant has not made this selection and location, the jury have found the issue against him ; that is, that he had no right of way at all, having lost it, by not making the selection.   The charge of the court must be construed with reference to the subject matter of the issue ; and in respect to *that,* it is clearly erroneous, how correct soever it might have been under the replication of *extra viam.*   That under these pleadings the mere right of way was in issue, see *Webber* v. *Sparks,* 10 *Mees. & Wels.* 485, 6.

Fourthly, the verdict of the jury upon these issues, is against the proof from the deeds and the admissions of the plaintiff, as found by the court, and so not only against the weight of evidence, but in direct opposition to all the evidence.

2. That there are fatal defects apparent on the record. Among these are, first, the traverse of immaterial allegations. In the issue under the second new assignment to the seventh plea, the plaintiff traverses the *inducement, viz.* that the lane or passway is appurtenant to the *Treat* lot.   The substance of the plea, is, a right of way from the *West* end of a certain way to No. 5., by grant of *Robert Robbins* sen., as set forth in the plea ; and the allegation that the lane is appurtenant to the *Treat* lot, is mere matter of description, and for the purpose of identifying the lane ; the *Western* end of which is one of the *termini* of the way set up in justification.   The allegation is, therefore, immaterial, and the issue joined upon it, immaterial.

The effect of this traverse is fatal to the verdict, and the judgment must be arrested.   The reason of this is twofold. First, the issue combines *material* and *immaterial* matter. The defendant takes the burthen of proof ; and the jury must have supposed it necessary for him to establish both parts of the issue, including the *immaterial* part.   Secondly, the court

*Hartford,*
June, 1849.
_____
Robbins
*v.*
Wolcott.

cannot discover from the finding, for which party judgment ought to be given ; because the finding does not shew whether the *material* or the *immaterial* part, is true or not, but only that *both* are not true. The jury were bound to pass upon both parts ; and it may be, that they have found the issue against the defendant because he has not proved the *immaterial.* The case put by *Gould,* of an action against husband and wife for a wrong committed by *her alone,* is precisely in point. *Gould's Plead.* 607, 8. *Stephens' Plead.* 241. *Palmer* v. *Seymour, Kirby* 139. *Garland* v. *Davis,* 4 *Howard,* 131. *Trott* v. *West,* 1 *Meigs,* 163. *Sullenburger* v. *Gest,* 14 *Ohio Rep.* 204. *Watson* v. *Brazeal,* 7 *Alab.* 451. *Yale* v. *Coddington,* 21 *Wend.* 176.

Secondly, the plaintiff traverses matters not alleged. In the replication to the first plea, he traverses the right of way of *Robert Robbins,* at the time of the several trespasses ; whereas there is no allegation in the first plea of any right of way in *Robert Robbins,* at that time, or at any other time. In the replication to the second plea, the plaintiff traverses the conveyance to the defendant of the close mentioned in such plea, which conveyance is not alleged- This is bad ; for a traverse must not be taken on matter not alleged. *Stephens' Plead.* 193. A traverse should always be of such point as, if found for the defendant, destroys the plaintiff's right of action. *Comb.* 321.

Thirdly, the plaintiff makes no answer to the defendant's pleas. He makes no answer to the justification set up in the seventh plea ; that is, to the right of way by grant from *Josiah Robbins.* He makes no answer to the plea in bar to the first new assignment to the seventh plea ; that is, to the plea of a former judgment of acquittal for the same trespasses. He neither waives the trespasses justified in the one plea, nor the trespasses embraced in the judgment of acquittal in the other plea ; but, on the contrary, he says he brought his action for those trespasses, and yet he makes no answer to the justification of judgment of acquittal, either by demurrer, traverse, avoidance, or in any manner whatever. The effect is, that the whole replication is bad, and the judgment must be arrested, because a part of the cause of action—that is, the very trespasses for which the plaintiff says he brought it—is left undecided. The rule, as laid down by Judge

*Gould,* is, that the court has no right to determine any one part of an entire cause of action, leaving the rest undecided. The whole must be in some way determined ; otherwise, a single right of action might require several suits. *Gould's Plead.* 363. See also *Id.* 358. 360. *Snow & al.* v. *Wiseman,* 2 *Mod.* 60. *Porter's* admrs. v. *Kenny,* 1 *McCord* 205. *Yale* v. *Coddington,* 21 *Wend.* 175.

*T. C. Perkins,* contra, contended, 1. That there was not sufficient reason for setting aside the verdict. He remarked, in the first place, that even if the charge of the court was erroneous or irrelevant, as the defendant claims, yet unless the verdict was made to depend upon it, it furnished no ground for a new trial : and that it was not so made dependent. [ The motion was here critically examined.]

Secondly, the deed of *July* 31st, 1824, granted only a right of way from the *Western* end of the lane *Northward* to the premises conveyed ; and the defendant had thereby no *such* right of way as he had set up.

Thirdly, a right of way given by deed, must be *located.* *Russell* v. *Jackson,* 2 *Pick.* 574. *Jones* v. *Percival,* 5 *Pick.* 485. *Wynkoop* v. *Burger,* 12 *Johns. R.* 222.

Fourthly, the conveyance to *R. Welles* extinguished the way of necessity. *Pierce* v. *Selleck,* 18 *Conn. R.* 321. 328. *McDonald* v. *Lindall,* 3 *Rawle* 492.

Fifthly, if a right of way by grant existed, there could be none by necessity.

Sixthly, to constitute title by occupation, it must be *adverse.*

2. That the motion in arrest of judgment ought not to prevail. It is to be borne in mind, in the first place, that on a motion in arrest, defects in *substance* only are objectionable ; and that *surplusage, duplicity* and all defects *in form,* are cured by verdict. 1 *Chitt. Plead.* 515. 218. 233. 525. 14 *Conn. R.* 132. 19 *Conn. R.* 249. 3 *U. S. Dig.* 166. §829. *Jersey Company* v. *Halsey,* 2 *South.* 750.

Secondly, most of the matters assigned for error, are not true in point of fact. It is not true, that the plaintiff traverses the inducement merely, under the second new assignment to the seventh plea. Nor is it true, that the plaintiff traverses matters not alleged, *viz.* in the first plea, the right of way of *Robert Robbins ;* and in the second plea, the con-

veyance of *Robert Robbins* to the defendant.   Nor is it true, that the verdict contradicts matters admitted on the record. Issue is distinctly taken on new matter alone.

*Hartford,*
June, 1849.
———
Robbins
*v.*
Wolcott.

Thirdly, if these matters were true, they would furnish no cause of arrest.   *Bac. Abr. tit.* Verdict N.  *Gould's Plead.* 522. §57. 436. §29.   See also the authorities cited above.

Fourthly, matter of *law* connected with *fact,* is traversable. 2 *W. Bla. R.* 776.

ELLSWORTH, J.  We perceive no reason for granting a new trial.   The superior court did not refuse to charge the jury, as requested ; nor did it charge them contrary to the request of the defendant's counsel ; nor at all, otherwise than as the respective claims of the parties rendered proper.   Indeed, we do not understand it to be claimed, that it is not so ; but rather, it is said the jury's attention was diverted from the real point in controversy ; in which, we think, the defendant's counsel are not borne out by the facts stated in the motion. The instructions in fact given, were, we think, called for ; and they contain no principles of law, which are not acknowledged and sound ; nor was the jury's attention diverted from such questions as the parties made on the trial.

Nor do we discover any errors in the pleadings, which will sustain the motion in arrest.   We very much doubt if the record shows the facts to be as claimed by the defendant's counsel ; or if so, that they are entirely correct in their view of the law as applicable to the facts.

It is said, there is a traverse of an immaterial allegation in the issue closed upon the plea to the second new assignment, in this, that the way to the *Treat* lot, is denied by the plaintiff, while it is only set out in the defendant's plea as inducement.   As we read the plea, it first sets up distinctly a way through *the lane* from the highway, which way was, on the 31st day of *July,* 1824, and long had been, used as a convenient and necessary way, by *Robert Robbins, sen.,* to go *to his lands West,* of which No. 5, it is agreed, was a part, at that time.   And further, it states that this way was appurtenant to the *Treat* lot.   The plea then sets up a deed from *Robert Robbins,* sen., to *Robert Robbins,* jun., of a part of these *West* lands, *viz.,* what is now No. 9 and No. 5 ; and that a way is expressly granted from the *West* end of the lane

*Hartford,*
*June, 1849.*

Robbins
*v.*
Wolcott.

to these lots, by the deed of *July*, 1824; and then it further declares, that the "rights, privileges, and appurtenances" thereto belonging—*i. e.*, to No. 5—are, through a grant to the defendant, from *Robert Robbins*, jun., of No. 5, vested in the defendant. Now, it is not so clear, that the defendant has not tendered for issue more than the right of way *created* by the deed of 1824. Why else does he set out so particularly the ancient right of way of *Robert Robbins*, sen., from the *highway to his lands West?* It is certainly an unnecessary inducement. But, be this as it may, the jury have found all the ways and rights set up by the defendant, as an existing defence, in this case, against him; and among them, the way under the deed of *July*, 1824, as fully as if it had been pleaded alone, as indeed it may be held to be. Besides, if the defendant is correct, taking issue upon an inducement is no ground of arrest. The rules on this point are well laid down in *Archbold* and in *Stephens, on Pleading. Stephens* says, "a traverse of matter not traversable; or an immaterial traverse; or a want of inducement; or a defective or irregular inducement; or where the traverse is inconsistent with the inducement; or where the traverse is double, or too large, or too narrow; in all these cases, advantage must be taken by special demurrer: if the adversary demur generally, or plead over, the defect is waived." *Steph. Plead.* 105.

It is next said, the plaintiff traverses matter not alleged; for that in the plaintiff's replication to the first plea, he denies there was a right of way in *Robert Robbins*, sen. Perhaps this is the fair construction of the replication; but it obviously has nothing to do with the merits of the issue. The jury have found, that *Robert Robbins*, jun. and the defendant under him, had not the right set up as the defence in the case, and that is enough; the rest is surplusage, as much as if the plaintiff had replied there was no right of way, and the defendant wore a white hat when he committed the trespasses. The defendant chose to take issue on both facts; and he may not complain of the verdict of the jury.

It is further said, that in the replication to the second plea of the defendant, the plaintiff traverses the conveyance of No. 5 to the defendant, while no such conveyance is alleged. We think there is substantially such an allegation in the plea;

and that that conveyance or prior ownership of *R. Robbins,* is set up as the very basis of the right of way to No. 5; but if otherwise, it is mere surplusage.

Hartford,
June, 1849.

Robbins
*v.*
Wolcott.

It is further objected, that the plaintiff makes no answer to the defendant's pleas. We think this objection is without foundation; but at all events, it works no prejudice to the defendant's defence. We say, the objection is without foundation. The plaintiff, in his declaration, describes the *locus in quo,* as including the *lane* and No. 8 and No. 9. The defendant pleads a right of way through the lane to the *Treat* lot. The plaintiff, protesting against any such way to the *Treat* lot, replies other and different trespasses: the defendant rejoins to the new trespasses, a former judgment before Justice *Galpin.* The plaintiff, wishing to avoid issue here, protesting against such judgment, now assigns *other* and *different trespasses.* To this the defendant sets up a right of way vested in *Robert Robbins,* jun., under his father, *Robert Robbins,* sen., and now vested in the defendant, under *Robert Robbins,* jun. Here, issue is formed; and it is found against the defendant. But the supposed difficulty, in this mesh of legal forms, is just here. The plaintiff, in his first and second new assignments, after his protests, uses this language: "Nevertheless, in this behalf the plaintiff says, that he brought his said action, not only for the trespasses in said plea mentioned, and therein attempted to be justified, but also for that the defendant, on the several days and times in the said declaration mentioned, with force, &c., broke, &c., and committed *all* the trespasses in said declaration mentioned, on *other* and *different* occasions, and for *other* and *different* purposes than in the said seventh plea mentioned, and in *other* and *different* parts of said close, out of the said way *in that plea mentioned;* which said trespasses newly assigned are *other* and *different* trespasses than said trespasses in said seventh plea mentioned and therein attempted to be justified." The defendant's counsel insist, that the plaintiff should not reply, that he sued *as well* for the trespass, as admitted under the protests, as for other and different ones for which the plaintiff elects to proceed; for then, while on the record, there are trespasses confessed and not justified, there is a verdict for the plaintiff only. We are satisfied, the replication, by fair construction, amounts to this, that the plaintiff has

not proceeded, and does not proceed, for the trespasses which the defendant justified, by a right of way to the *Treat* lot, or those for which a suit had been brought before Justice *Galpin,* but for *other* and *different* trespasses *only ;* and that any language in the replication to the contrary, may and should be controuled, by other and more clear parts of the same plea. We do not say, that the construction of the entire plea is free of doubts in the view of extreme technicality ; but we cannot doubt that our construction is the true one, and best designed to produce justice. But the defendant is in no way injured. The jury gave damages only for the trespasses they tried ; and indeed, only nominal damages were given on all the issues. The plaintiff had a right to elect for what trespasses he would go, and he has substantially done that in the pleadings. It is not the case of a single indivisible cause of action, cut up and sued upon in parts, but distinct and independent trespasses. In such cases, the plaintiff may, at any time, elect to go for some, and drop the rest. Suppose the plaintiff had sued for two entries, and proved one only ; he would recover damages accordingly ; but no verdict is of course rendered for the defendant, for the trespass not proved, or if proved, abandoned, on the trial.

We do not advise a new trial ; nor is there error.

In this opinion the other Judges concurred.

New trial not to be granted.
Nothing erroneous.